JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JOSE SANCHEZ-JIMENEZ, | Case No. CV 22-3855 PA (PVC) |
|---|---|
| Plaintiff, | |
| v. | **ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE** |
| DEPARTMENT OF JUSTICE, | |
| Defendant. | |

On June 3, 2022, Plaintiff Jose Sanchez-Jimenez filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. ("Complaint," Dkt. No. 1). However, the Complaint was not accompanied by payment of the full filing fee or an application to proceed *in forma pauperis* ("IFP"). On June 13, 2022, the Court ordered Plaintiff to correct this deficiency within thirty days. ("Order," Dkt. No. 4). Plaintiff was expressly cautioned that if he did not pay the full filing fee or submit a request to proceed IFP by the Court's deadline, "this case will be closed and dismissed without prejudice" without further prior notice. (*Id.* at 2).

Instead of complying with the Court's Order, on July 1, 2022, Plaintiff filed a one-paragraph incomprehensible notice of appeal in the Ninth Circuit. ("Notice of Appeal,"

1

Dkt. No. 6).  "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal."  *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997).  However, a "frivolous or forfeited appeal does not automatically divest the district court of jurisdiction."  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).  Specifically, where an appeal is "patently frivolous," this circuit has long "recognized an exception to the general rule that a valid notice of appeal divests the district court of jurisdiction over all but tangential matters."  *Marks v. Clarke*, 102 F.3d 1012, 1018 n.8 (9th Cir. 1996).  "This exception applies in cases in which the district court certifies that the [movant]'s interlocutory appeal is 'frivolous' or 'forfeited.'"  *Id.* (citing *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)).  It is well-settled that "a premature notice of appeal is ineffective to transfer jurisdiction from the district court to the court of appeals."  *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991); *see also In re Huezo*, 860 F. App'x 117, 120 (9th Cir. 2021) ("[A] premature notice of appeal from an interlocutory order does not automatically transfer jurisdiction to an appellate court.") (citing *In re Rains*, 428 F.3d 893, 903-04 (9th Cir. 2005)).

Here, Plaintiff did not and could not appeal from a final appealable order because no such order has issued in this case.  Indeed, it is impossible to determine from the Notice of Appeal what lower court action Plaintiff is attempting to challenge or what relief he seeks.  As such, his appeal is frivolous and this Court retains jurisdiction to dismiss this case for Plaintiff's failure to pay the filing fee or file an IFP application.  *See Guymon v. Nasset*, 2016 WL 5475971, at *1 (D. Mont. Sept. 29, 2016) (certifying that plaintiff's pending appeal from a non-final order was frivolous and dismissing  action); *Lau v. Harrington,* 2012 WL 3143869, at *1 (E.D. Cal. Aug. 1, 2012) (dismissing complaint on the merits where plaintiff's pending appeal was "wholly without merit, there having been at the time of its filing no ruling from which to appeal").  This Order shall serve as certification that Plaintiff's appeal is frivolous.

1    More than thirty days have passed since the Court's Order issued and Plaintiff has

2  still not paid the filing fee or submitted an IFP application.  Accordingly, this action is

3  DISMISSED WITHOUT PREJUDICE.

4

5    IT IS SO ORDERED.

6

7  Dated:  July 21, 2022

8  _____

9  PERCY ANDERSON
   UNITED STATES DISTRICT JUDGE

10

11  Presented by:

12

13

14  _____
    PEDRO V. CASTILLO

15  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28